## MATTHEW KEAN and ELIZABETH, his Wife, Administratrix of Alexander Robeson, v. AARON PAULSON, Co-Administrator, and E. M. ROBESON and L. ROBESON, Children of Alexander Robeson.

Orphans' Court. New Castle. April 14, 1825.

*Ridgely's Notebook IV, 533.*

The respondents filed the following plea in abatement.

The above named respondents, by *Louis McLane* and *James Rogers,* their attorneys, (protesting against the exceptions filed to the above account, and averring the said account to be just and true according to the very right of the matter and the law of the land) for answer to the said exceptions say that said appellants have no interest in the said account and matters of appeal, for this, that the said Elizabeth L. Robeson, widow of the said Alexander Robeson, deceased, on the 2nd day of August, 1823, before her intermarriage with the said Matthew Kean, assigned and transferred to the said Eliza M. Robeson and John L. Robeson, children of her, the said Elizabeth L. Robeson, all her third part and interest to the said settlement, and all the personal estate of her deceased husband, the said Alexander Robeson, deceased.

And for further answer as aforesaid, protesting as aforesaid, the said respondents say that the said appellant cannot rightfully proceed in the said matters of appeal, for this, that the said Elizabeth L. Robeson passed the said account before the Register and subscribed the same; and the said appellants are thereby concluded by the acts of the

said Elizabeth L. Robeson in relation to all the matters of exception in the said exceptions contained and set forth.

*McLane* and *Rogers,* for the respondents, then produced a deed, said to be a deed of assignment made by the said Elizabeth L. Robeson to the said Eliza M. Robeson and John L. Robeson, her children, of her third part of the surplus of the personal estate of the said Alexander Robeson, according to the said account, and called Aaron Paulson, the respondent, a subscribing witness, to prove the said deed of assignment.

*Vandyke, Black* and *Johns, Jr.,* for the respondent, objected to the testimony of Aaron Paulson on account of interest, that he is a co-administrator and co-accountant, having passed and subscribed the said administration account.

*McLane* and *Rogers* insisted that Paulson was not interested and might be sworn as a witness to prove the execution of this deed.

THE CHANCELLOR said that he thought that Paulson might prove the deed, for whether the children were entitled to the whole, or to two-thirds of the surplus, it did not affect him. That the question of assignment could not affect Paulson, for on that particular subject he had no interest; but he said he supposed that this deed was offered to sustain the plea that she, Elizabeth L. Robeson, has no interest in the account and therefore cannot prosecute the said appeal. But he said that the deed could not sustain the plea, for admitting that she has assigned her third part of the estate, yet she is much interested in not being charged in the said account with any sums of money with which she is not chargeable; and that her interest is increased in proportion to the diminution of her interest in the third part of the surplus; and that she is interested in proportion to her liability to pay the balance. She certainly is greatly concerned in the amount with which she is charged and is liable for, and therefore may prosecute the appeal.

And if the Register has not settled the account according to the very right of the matter and the law of the land, she may appeal. The 16th section of the 6th article [of the Constitution] enjoins the Orphans' Court to hear the exceptions of any concerned, and the 15th section gives an appellate jurisdiction in all cases of executors', administrators', and guardians' accounts. Both parties may appeal. As to her signing the account, it depends upon the particular circumstances whether it will conclude her. Executors, administrators and guardians have heretofore appealed from settlement of their accounts made by the Register.

Decree.